# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID CHRISTOPHER NORDLUND,

    Plaintiff,

vs.

OFC. BEESLEY, *et al.*,

    Defendants.

Case No. 3:21-cv-00134-RRB

## ORDER REGARDING STATUS OF STATE COURT CASES

David Christopher Nordlund, representing himself, filed a Prisoner's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, alleging claims against parole officers and parole board members who participated in revoking his parole after his state criminal court judgment of conviction and sentence.[1] Mr. Nordlund also filed an Application to Waive Prepayment of the Filing Fee.[2]

In his Complaint, Mr. Nordlund asserts two claims for relief:

> (1) On February 2, 2017 … Ofc. Beesley and Ofc. Tigner seized [him] without probable cause … in violation of plaintiff's 4th Amendment rights[,] … transported [him] to the local jail where he was held unlawfully … [and] … made accusations they knew or should have known to be false that plaintiff had violated the terms of his parole … [which] expired on December 7, 2016, approximately two months prior to [his] arrest.[3]

---

[1] Docket 1.

[2] Docket 3.

[3] Docket 1 at 5.

> (2) On December 7, 2007, plaintiff was sentenced to 20 years imprisonment with 10 years suspended. The maximum release date on the 10 year imposition of sentence was calculated to end on December 7, 2016. On January 1, 2017 the State of Alaska more narrowly defined an already existing law to expressly notify the board of parole that they could not extend a person's period of parole beyond the maximum release date as originally calculated. On May 17, 2017, plaintiff was ordered to 399 days of incarceration in excess of his sentence, … violat[ing] double jeopardy…. While state proceedings [challenging the parole board's order] were still ongoing plaintiff filed an action in federal court case no. 3:18-cv-00013-RRB….[4]

Mr. Nordlund first attempted to file his claims in his previous civil rights case, which was dismissed on February 25, 2019.[5] Because the case had been closed for over two years, the Court explained that, "[i]f Mr. Nordlund wishes to revive his previously dismissed claims, he will need to file a new complaint."[6] He has now done so, attaching the May 3, 2021 "Order on Motion for Reconsideration of Order Dismissing Appeal as Moot," by the Court of Appeals for the State of Alaska.[7]

---

[4] *Id*. at 6.

[5] *Nordlund v. Chris Lyou, et al.*, 3:18-cv-00013-RRB, Dockets 19, 20.

[6] *Id.*, Docket 24 at 2 (4/27/21 Order).

[7] Docket 1; Docket 1-1 (Alaska Court of Appeals No. A-13053).

Mr. Nordlund seeks compensatory damages of $10,000,000, and punitive damages in the amount of $10,000,000.[8]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a plaintiff who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action--

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[10] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and

---

[8] Docket 1 at 9.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

give the plaintiff the benefit of the doubt.[11]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[12]

## DISCUSSION

Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[13]  This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[14]

The doctrine of abstention applies to this action if Mr. Nordlund's claims are pending in the Alaska state courts.

### A.   Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial

---

[11]  See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[12]  See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13]  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[14]  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

proceedings.[15] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[16] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[17]

The State of Alaska has an important interest in its criminal laws and procedures. The Court takes judicial notice[18] that the state proceedings relating

---

[15] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[16] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'").

[17] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[18] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records ... from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

to the duration of Mr. Nordlund's confinement after his 2007 conviction in *State of Alaska v. David Nordlund*, 3KE-06-01246CR, are ongoing.[19] In Mr. Nordlund's appeal of the revocation of his parole, his lawyer argued his claim regarding revocation of parole after completion of his sentence:

> Mr. Nordlund was originally sentenced on December 7, 2007 to serve 10 years. When he first released to parole on August 27, 2013, his parole expiration date was December 7, 2016. After being revoked and re-paroled, his parole expiration date was extended to March 28, 2017. After being revoked and re-paroled again, his parole expiration date was extended to June 15, 2017. Then on May 17, 2017, the Parole Board revoked and terminated Mr. Nordlund's parole, which resulted in the imposition of 399 days to serve and a release date of June 22, 2018. Thus, Mr. Nordlund suffered from both problems of pre-Senate Bill 91 parole: his parole was extended several times and his total sentence exceeded the sentence imposed by his sentencing court.
>
> Accordingly, based on both the plain language and the intent of the parole amendments, Mr. Nordlund should have received the benefit of the Senate Bill 91 parole revisions at his May 2017 revocation.[20]

---

[19] *See* https://appellate-records.courts.alaska.gov/CMSPublic/Search/PartyNameSearch (party name search in Case Management System for Alaska Appellate Courts); *see also* https://records.courts.alaska.gov/eaccess/searchresults.page (party name search in Alaska trial courts).

[20] *Nordlund v. Alaska*, No. A-13053, 2019 WL 9093487, at *14–15 (Alaska App.) (6/24/19 Appellate Brief, on appeal from Alaska Superior Court No. 1KE-17-00335CI) (citations to the record omitted).

The May 3, 2021 Court of Appeals Order dismissing that appeal as moot[21] is currently pending before the Supreme Court for the State of Alaska.[22]

In addition, Mr. Nordlund has another post-conviction petition pending in the state courts, also making a challenge related to Mr. Nordlund's 2006 criminal case (with 2007 judgment of conviction and sentence).[23] And he has an appeal in the briefing stages before the Court of Appeals, which relates to the 2006 case.[24]

Thus, it appears that the federal court must currently abstain from intervening in Mr. Nordlund's state cases.[25]

---

[21] Docket 1-1 (Alaska Court of Appeals No. A-13053).

[22] https://appellate-records.courts.alaska.gov/CMSPublic/Case/General?caseID=26515, *David Nordlund v. State of Alaska*, S-18093, Petition for Hearing filed 6/2/21, from underlying appellate case, A-13053, pending.

[23] https://records.courts.alaska.gov/eaccess/searchresults, *David Nordlund v. State of Alaska*, 3PA-19-02187CI (Application for Post-Conviction Relief (Criminal Rule 35.1) Criminal Case Number: 1KE-06-01246CR) (monthly status report filed 5/25/21).

[24] https://appellate-records.courts.alaska.gov/CMSPublic/Case/General?caseID=26323, *Nordlund v. State*, A-13783 (204 Appeal filed 12/16/20 from 1KE-06-01246CR, 12/10/20 judgment).

[25] Although *Heck v. Humphrey*, 512 U.S. 477 (1994), usually precludes a § 1983 case when the plaintiff's state court conviction or sentence has not been overturned, there is an exception when habeas relief is no longer available, but a plaintiff "timely pursu[ed] … [previously] available habeas relief …. Even so, … relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (quoting *Nonette v. Small,* 316 F.3d 872, 878 n.7 (9th Cir. 2002)).

### B. Parole Officers

Mr. Nordlund is cautioned that parole officers have absolute quasi-judicial immunity when they act in their judicial capacity in the context of parole proceedings.[26] And it is well established that witnesses, including parole officers, who testify in state or federal court proceedings are immune from damages.[27] Thus, to the extent Parole Officers Beesley and Tigner's "false accusations" were made in their judicial capacities in the context of parole proceedings, or as witnesses at a parole hearing, they are immune from liability.[28]

However, parole officers are "not entitled to absolute immunity when investigating parole violations, ordering the issuance of a parole hold or orchestrating a parolee's arrest, or recommending initiation of revocation proceedings."[29] Immunity is thus unclear.

### C. Parole Board Members

The Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing

---

[26] See *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam).

[27] See *Briscoe v. LaHue,* 460 U.S. 325, 329–46 (1983); *Holt v. Castaneda,* 832 F.2d 123, 127 (9th Cir.1987), *cert. denied,* 484 U.S. 979 (1988).

[28] Docket 1 at 5.

[29] *Jones v. Nevada Board of Parole Commissioners*, No. 3:21-cv-00004-MMD-WGC, 2021 WL 2406879, slip op. at *2 (D. Nev. May 18, 2021) (citing *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004)).

parole applications."[30] Parole board members serve in a quasi-judicial function. Thus, like judges, they are entitled to absolute immunity for actions taken with respect to parole decisions,[31] such as the actions challenged by Mr. Nordlund.

**D.      Possible State Claim**

Although Mr. Nordlund may not have a cognizable federal claim at this time, he may be able to assert a claim in the state courts. In Alaska, "[t]he elements of the false arrest-imprisonment tort are (1) a restraint upon the plaintiff's freedom, (2) without proper legal authority."[32] The Supreme Court for the State of Alaska explains that "[f]alse arrest and false imprisonment are not separate torts. A false arrest is one way to commit false imprisonment; since an arrest involves restraint, it always involves imprisonment."[33] The State of Alaska itself, however, may be immune from liability under Alaska Stat. § 09.50.250(3).[34]

---

[30] *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009).

[31] *Sellars*, 641 F.3d at 1302–03.

[32] *Yi v. Yang*, 282 P.3d 340, 345 n.7 (Alaska 2012) (quoting *Waskey v. Municipality of Anchorage,* 909 P.2d 342, 345 (Alaska 1996)) (further citation omitted).

[33] *Prentzel v. State, Dept. of Public Safety*, 169 P.3d 573, 582 n.17 (Alaska 2007) (quoting *Waskey,* 909 P.2d at 345) (further citation and internal quotation marks omitted).

[34] Alaska Stat. § 09.50.250 ("A … tort claim against the state … may not be brought if the claim … (3) arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"); *but see Kinegak v. State, Dept. of Corrections*, 129 P.3d 887, 893 (Alaska 2006) ("This decision should not be read as an endorsement of DOC's conduct, which the superior court described as 'abhorrent,' and which would be even more abhorrent in a case involving a more significant miscalculation of a prisoner's sentence.

THEREFORE, **IT IS HEREBY ORDERED:**

1. On or before, **July 30, 2021**, Mr. Nordlund shall file either one of the following:

    a. <u>Notice to the Court</u>, attaching documentation showing that he no longer has any claims pending in the state court regarding the issues he currently brings in this case; OR

    b. <u>Notice of Voluntary Dismissal</u> without prejudice to bringing appropriate claims in state court.

2. If Mr. Nordlund does not file either a Notice to the Court or a Notice of Voluntary Dismissal on or before **July 30, 2021**, this case will be DISMISSED without further notice to him.

3. The Application to Waive Prepayment of the Filing Fee, at Docket 3, is DEFERRED until Mr. Nordlund fully complies with this Order, or until the time to comply has run.

---

It should also not be read as making the state immune in all cases where its tortious acts could have been pleaded as one of the torts enumerated in Alaska Stat. § 09.50.250(3). There may be cases where the state's negligence constitutes a truly distinct wrong, even though the victim was injured because of an act constituting an enumerated tort.") (citation omitted).

Case 3:21-cv-00134-RRB, *Nordlund v. Beesley, et al.*
Order Regarding Status of State Court Cases
Page 10 of 12

4. At all times, Mr. Nordlund shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[35] The Notice shall contain **only** information about the change of address, and its effective date. The Notice shall not include requests for any other relief. Failure to file the Notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

5. Each litigant is responsible for keeping a copy of each document filed with the Court. When you send a document to the Court, you will receive a Notice of Electronic Filing ("NEF") from the Court that will inform you of when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

6. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Nordlund

---

[35] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

may not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

7. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.4 requires that motions be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

8. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

9. The Clerk of Court is directed to send the following to Mr. Nordlund with this Order: (1) form PS21, Notice to the Court; (2) PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) PS15, Motion.

Dated at Anchorage, Alaska this 29th day of June, 2021.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge